## HOUSTON v. ARTHUR McMULLEN CO.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

### No. 181.

MASTER AND SERVANT (§ 287*)—DEATH OF SERVANT—INCOMPETENCY OF FELLOW SERVANT—QUESTION FOR JURY.

    In an action for death of plaintiff's decedent by being drowned while working in a caisson in the bed of a river, by the failure of defendant's lock tender to promptly close the upper lock of the caisson on the falling of the bucket against the lower lock, forcing the same open and the exhaust of the air by which the water was kept out of the caisson, evidence *held* to authorize submission to the jury of the question whether the lock tender was competent and whether defendant by the exercise of reasonable care could have discovered his incompetency.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1034, 1045, 1051, 1052, 1054–1067; Dec. Dig. § 287.*]

This cause comes here upon writ of error to review a judgment of the District Court, Southern District of New York, entered upon the verdict of a jury in favor of defendant in error, who was defendant below.

James A. Beha, of New York City (R. J. Donovan and H. D. Cohen, both of New York City, of counsel), for plaintiff in error.

Amos H. Stephens, of New York City (E. C. Sherwood, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. Deceased was at work in defendant's caisson, in the bed of the Passaic river at Newark. Compressed air was used for the purpose of keeping the water out of the caisson. Material removed from the river bed was hauled up in a bucket through a shaft which had two air locks, an upper and a lower, which

could be alternately opened by a man stationed conveniently for the purpose, so as to allow the bucket to be raised and lowered without such an escape of compressed air as would reduce the pressure in the caisson. On the day of the accident a bucket had been raised through the lower lock, which had then been closed. The upper lock was then opened for the passage of the bucket, but·before it reached that outlet the appliance which attached the bucket to the cable gave way, and the loaded bucket fell, breaking open the lower lock, while the upper lock was still open. The compressed air escaped, permitting the water to enter, and deceased was drowned.

Plaintiff contended that the fall of the bucket was due to the fact that the pin which secured it was defective. It also contended that one Green, who was tending the lock at the time, was an incompetent man, and, therefore, failed to close the upper lock promptly when the bucket forced open the lower one. The plaintiff at the close of the trial by various requests asked to go to the jury on the question whether the lock tender was a competent man and whether defendant could by the exercise of reasonable care have discovered that he was incompetent. The court refused these requests, "because all question as to an incompetent lock tender had been withdrawn from the jury." We think there was enough shown to entitle plaintiff to submit this part of the case to the jury. We have not overlooked defendant's contention that the evidence showed that the bucket locks were so constructed that no carelessness, on the part of the lock keeper, could possibly result in the opening of either lock, when the other lock was open.

There was some testimony in the case that blowouts sometimes occurred when the air pressure increased and the caisson was not sufficiently weighted. It is argued that it might be anticipated that, as a result of one of those blowouts, the pressure might be so reduced that the lower lock would fall open, or could be opened by the lock tender, even when the upper lock was still open, and that therefore the locks should be tended by a man capable of dealing with that emergency. As to the weight of this testimony we express no opinion, but we think plaintiff was entitled to go to the jury on the question whether upon the whole testimony a reasonably prudent man would have anticipated that some derangement of the normal action of the locks was to be anticipated, which would require the presence of a lock tender of more experience than Green. In reversing we 'are not to be understood as expressing any opinion as to the measure of Green's competency.

The defendant also argues that the most highly qualified man, confronted as Green was with the unexpected result of the giving way of the bucket, would have accomplished no more than he did. These questions also were for the consideration of the jury.

The judgment is reversed.